## WRIGHT v. WHITESIDES.

A PARTY claiming land under the Possessory Act of 1852, must show compliance with the provisions of the Act. He must be a citizen of the United States ; must file the affidavit required by section 2 ; and make his improvements within the ninety days, &c. Merely residing on a part of the land, tracing lines, putting up stakes for boundaries, &c., is not sufficient.

Wright *v.* Whitesides.

Mere entry on public land, without enclosing it, does not give a right of action on the possession alone.

APPEAL from the Sixth District.

The jury found for plaintiff; judgment accordingly.     Defendant appeals.

*N. Greene Curtis and L. Sanders, Jr.,* for Appellant, cited *Sweetland* v. *Froe,* 6 Cal. 147.

*John Heard,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The plaintiff in this case sued for a small tract of land in the adverse possession of defendant.     She claimed that she was entitled to the land because it had been taken up under the Possessory Act of 1852.     The proof was somewhat conflicting, and some of the witnesses for plaintiff were sought by defendant's testimony to be impeached.     The plaintiff claimed that she was entitled to maintain this action for this land under the statute (Wood's Digest, 403) giving the widow the right to the possession of the homestead until administration on the husband's estate.

The Court instructed the jury that if they believed, from the evidence, that C. S. Wright—the husband—marked out the land described in the complaint, so that its boundaries could be easily traced and its extent readily known, and that he put improvements on the same, of the value of two hundred dollars or more, and lived on the same with his wife, the plaintiff in this action, till his death, and that the same does not embrace more than one hundred and sixty acres, that the plaintiff is entitled to recover in this action, if they believe, from the evidence, that the defendant has entered upon any part of said land, and holds the same adversely to her, the plaintiff.

It can scarcely be contended that the mere entry upon public land, without enclosing it, gives a right to an action upon the strength of the possession alone.     The plaintiff rests here upon the statute (Wood's Digest, 526).     But it has often been held—indeed, the language of the Act is express—that the complainant must comply with, and show himself to be within, the directions of the statute; and these require

much more than the bare residence on a part of the land, and the tracing of lines or putting up stakes or monuments, designed to indicate boundaries.    These requirements are, that the party shall be a citizen of the United States; that he shall make and file affidavit, (see section 2 of the Act) and, within ninety days after the record of the claim, shall make improvements, etc.    (See section 4.)

The right to sue, coming through these provisions which constitute the title, must be affirmatively shown by the party relying on it.    This has been expressly held in several cases.    (See *Sweetland* v. *Froe*, 6 Cal. 147.)

Judgment reversed and cause remanded.