Coryell v. Cain.

## CORYELL et al. v. CAIN.

A COMPLAINT in ejectment should not set out the mesne conveyances through which plaintiffs deraign title. These are matters of evidence, not of pleading, and should be stricken from the complaint, on motion.

In this case, the complaint should only have averred that on some day designated, plaintiffs were possessed of the land, describing it; that while thus possessed, defendant entered upon the same and ousted them, and has ever since withheld the possession from them, to their damage, specifying such sum as might cover the value of the use and occupation from the date of the ouster.

A demurrer overruled by consent of parties cannot be considered in the Supreme Court.

The fact that a complaint in ejectment, in addition to describing the premises by metes and bounds, also designates them as one-half of a certain pre-emption claim taken up by one Morris—from whom plaintiffs traced title—in 1850, and surveyed by the County Surveyor, and recorded in conformity with the statute, does not make it essential to plaintiffs' recovery, as against a defendant in possession, that they should allege in their complaint, and on the trial prove such facts as will bring them within the provisions of the pre-emption laws of the United States, or the Possessory Act of this State. The designation of the property as part of a pre-emption claim does not preclude the claimants from relying upon any other source of title than the United States or the State.

The general rule that, in ejectment, the claimant must recover upon the strength of his own title, and not upon the weakness of his adversary's, and that his action will be defeated if defendant shows title out of him, and in a third party, has in this State been qualified and limited.

In this State, although the larger portion of the mineral lands belong to the United States, yet defendant cannot defeat an action for mining claims, water privileges and the like, by showing the paramount title of the Government. Our Courts, in determining controversies between parties thus situated, presume a grant from the Government to the first appropriator. This presumption, though of no avail against the Government, is held absolute in such controversies.

In controversies respecting public lands, other than mineral lands, the title, as between citizens of the State, where neither party connects himself with the Government, is considered vested in the first possessor, and to proceed from him. This possession must be actual and not constructive; and the right it confers must be distinguished from the right given by the Possessory Act of the State.

A party relying on the Possessory Act of the State must show compliance with its provisions, and can then maintain an action for the possession of lands occupied for cultivation or grazing, without showing an actual enclosure or actual possession of the whole claim.

Where plaintiff relies not on the Possessory Act of the State, but on the prior possession of himself, or of parties through whom he claims, such possession

Coryell v. Cain.

must be shown to have been actual in him or them; and by actual possession is meant a subjection to the will and dominion of the claimant, and is usually evidenced by occupation, by a substantial enclosure, by cultivation or by appropriate use, according to the particular locality and quality of the property

Where, in ejectment, the ouster was alleged to have taken place in June, 1856, while the title of plaintiff was alleged to have accrued only in May, 1859: *Held*, that if this was not a clerical error, it is a defect which cannot be taken advantage of after verdict.

APPEAL from the Fourth District.

The complaint alleges that in August, 1850, one Morris was in possession of the land sued for; and then goes on to set forth numerous transfers from Morris, until the title is vested in plaintiffs, and annexes to the complaint copies of the conveyances, which are nine in number. It also alleges the possession of the different intermediate parties during the time of their respective interests; that the last conveyance was to the plaintiffs, May 12th, 1859; that they went into possession as tenants in common, and being thus possessed, defendant afterwards, to wit: June 15th, 1856, entered upon the land, ousted plaintiffs, and still withholds possession. These conveyances, after describing the premises by metes and bounds, designate them as part of a preëmption claim taken up by Morris in 1850, and surveyed by the County Surveyor, and recorded according to the statute. A demurrer was interposed, and subsequently overruled by consent of parties.

Further material facts appear in the opinion of the Court.

Plaintiffs had judgment; defendant appeals.

*John McHenry*, for Appellant.

I. The complaint does not state facts sufficient to constitute a cause of action. It is deficient in this, to wit:

1. Plaintiffs allege that their title to the land and premises described in the complaint consists in this: that they are the owners of "one undivided half of a certain preëmption claim," etc., and they do not show a right to enter thereon.

2. The "ouster" is alleged to have taken place on the fifteenth day of June, A. D. 1856, while the claim of title is alleged to have been acquired on the twelfth day of May, A. D. 1859.

3. The complaint shows that the defendant is not a trespasser, but that plaintiffs are disseizors. (*Evans* v. *Croker*, 6 Mod. 121; *Sigler* v. *Van Riper*, 10 Wend. 417, 418; *Dickinson* v. *Jackson*, 6 Cow. 149; 6 Johns. 273.)

Coryell v. Cain.

4. The plaintiffs have omitted to allege four things necessary to show their right to recover, to wit: title, lease, entry and ouster. (Payne & Dewey v. Treadwell, 5 Cal. 311.)

We have an anomaly here. The plaintiffs out of possession institute this action against the defendant in possession, and present a complaint—embracing the whole body of the evidence of their case—in the shape of nine instruments of writing, styled by them deeds of conveyance, all set out in full and made a part of the complaint—but among which there is not to be found either a grant or a patent derived from any source capable of transferring the title of the city of San Francisco, of the State of California, or of the Government of the United States. This, however, is not all. The object which seems to have been in view, was to show by the complaint that plaintiffs had no title, but that it was either in the State of California or the Government of the United States.

Let us admit, for the purpose of this argument, that the title to the land and premises is in the United States. The General Government makes no complaint against the defendant, and why should the plaintiffs? Could the plaintiffs, or either of those persons from whom they claim this preëmption right, enter and acquire a patent to the land and premises in question? We say no. Because, before a citizen of the United States can entitle himself to land by preëmption, he must make a settlement in person upon the public land, and comply with the various provisions of the United States preëmption laws. (Wood's Dig. 746, secs. 10, 13.) Plaintiffs here have never settled on the land in person. They hold by their agents, servants and tenants, and this will not avail to acquire title to public land. The complaint does not aver that plaintiffs, or those under whom they claim, ever settled upon or occupied the land in dispute.

The law, however, is well settled, that the claimant in ejectment must recover upon the strength of his own title, and not on the weakness of the defendant's; for the possession of the latter gives him a right against every one who cannot establish a good title, and it is sufficient for him if he can show the real title of the land to be out of the plaintiffs; and here it is shown to be in the United States; and, moreover, it is shown that the situation of the plaintiffs is such that they cannot acquire that title by virtue of the preëmption laws. (2 Roscoe, R. A. 98, 99, and the authorities there cited.)

It is said that the mere priority of possession is a sufficient title in

37

Coryell *v.* Cain.

ejectment. Priority of possession would certainly be *prima facie* evidence of a seizin in fee, and, unless rebutted by the defendant, would enable the plaintiff to recover; but in any other sense the position seems to be at variance with the rule " that the plaintiff in ejectment must recover upon the strength of his own title." But the priority of possession in these plaintiffs is not *prima facie* evidence of a seizin in fee, because they show that the fee was never in themselves, and they cannot be permitted to recover upon this presumption of law. Without any proof, defendant must have judgment upon the showing of plaintiffs.

II. The Court has no jurisdiction of the subject matter of the action.

The language of the second section of the Possessory Act of 1852 is imperative : " No person shall be entitled to maintain any such action, etc." If the plaintiffs expected to derive any benefit from this act, they should have alleged in the complaint their occupancy, and their compliance with all the requirements of its third and fourth sections.

The general principle is, that an action founded upon a statute must state specially the cause of action arising under the statute. (*Cole* v. *Smith*, 4 Johns, 196 ; *Gedney* v. *The Inhabitants of Tewksbury*, 3 Mass. 309.)

And where the statute gives a new power, (as the statute under consideration does) and at the same time provides the means of executing it, those who claim the power can execute it in no other way. (*Andover and Medford Turnpike Co.* v. *Gould*, 6 Mass. 40 ; *Franklin Glass Co.* v. *White*, 14 Id. 286 ; *Sturgeon* v. *State*, 1 Blackf. 39 ; *Journey* v. *State*, 1 Miss. 428 ; *Redeck* v. *Governor*, Id. ; *State* v. *Cole*, 2 McCord, 117.)

Whether the title to the land and premises claimed be in the State of California or in the Government of the United States, the District Court was without jurisdiction.

III. The evidence does not justify the verdict. No possession was shown in Morris, from whom plaintiffs claim title, nor in plaintiffs themselves.

*Geo. Barstow*, for Respondents.

I. The complaint states facts sufficient to constitute a cause of action. It avers prior possession, and right of possession in plaintiffs, and ouster. (*Boles et al.* v. *Weifenbach*, 15 Cal. ; *Boles et al.* v. *Cohen et al.* Id. ; *Watson* v. *Zimmerman*, 6 Id. 46 ; *Norris* v. *Russell*, 5 Id. 249 ; *Bird* v. *Lisbros*, 9 Id. 1 ; *Nagle* v. *Macy*, Id. 426 ; *Garner* v *Marshall*, 6 Id. 268.)

II.   The Court below had jurisdiction of the case.   The subject mat-
ter of the suit is land, averred and proved to be situated in the city and
county of San Francisco, and damages of five hundred dollars for its
use and occupation are claimed.

III.   The evidence was sufficient to justify the verdict, and the same
was not against law.   All the instructions asked by defendant were
given to the jury; no exception was taken to the Judge's charge; and
no instructions were asked by plaintiffs.

A case of palpable error or mistake must be made out before this
Court will overrule the verdict of a jury on an issue of fact.   Where
there is no legal testimony to sustain the verdict of the jury, it will be
set aside.   But where the testimony is conflicting, or where the credi-
bility of the witnesses must be passed upon, it is a matter solely for the
jury to determine.   (*Brown* v. *Smith*, 10 Cal. 508; *People* v. *Ah Ti*, 9
Id. 16; *Davis* v. *McGilvery*, 2 Id. 476; *Payne* v. *Jacobs*, 1 Id. 39;
*Johnson* v. *Pendleton*, Id. 132; *Dwinelle* v. *Henriquez*, Id. 387; *Hoppe*
v. *Robb*, Id. 373.)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and
COPE, J. concurring.

This is an action of ejectment to recover a tract of land situated
within the county of San Francisco.   The complaint is of a character
which has frequently elicited observations of disapprobation from this
Court.   It is filled with matters relating to the title of the plaintiffs,
which have no place in pleadings, and should only be presented as evi-
dence in the case.   Had the defendant made the application, these mat-
ters would, undoubtedly, have been stricken out, as redundant, at the
cost of the plaintiffs.   It is not within the wit of man to devise more
simple rules of pleading than those prescribed by the Practice Act of
this State, and there is no excuse for any departure from them.   That
facts, and not the evidence of facts, should be alleged, is not less a rule
of pleading in our system than it was under the former system, which
has been superseded.   Thus, in the present case, the complaint should
only have alleged, that on some day designated the plaintiffs were pos-
sessed of the land, describing it; that whilst thus possessed, the defend-
ant entered upon the same, and ousted them, and has ever since with-
held the possession from them, to their damage; specifying such sum as
might cover the value of the use and occupation from the date of the
ouster.

It is upon matters unnecessarily incorporated into the complaint that the objections of the appellant principally rest, and for which he seeks a reversal of the judgment. The objections raised by the demurrer we do not notice, as the demurrer was overruled by consent of parties. A ruling made by consent cannot be the subject of consideration in this Court.

The complaint refers, in its statement of the various transfers of the property before it reached the plaintiffs, to the several mesne conveyances of the intermediate parties from one Morris, copies of which are annexed, and made part of the pleading. These conveyances, in addition to giving a description of the premises by metes and bounds, designate them as one-half of a certain preëmption claim taken up by Morris in 1850, and surveyed by the County Surveyor, and recorded in conformity with the statute. This designation constitutes the basis of the main objection urged to the complaint. The general position of counsel, as we understand it, is this : that the designation of the property, as constituting a part of a preëmption claim, shows that it belongs either to the United States or to the State of California, and that in consequence, it is essential, to entitle the plaintiffs to a recovery as against the defendant in possession, that they should allege in their complaint and establish on the trial such facts as would bring them within the provisions of the preëmption laws of the United States, or the Possessory Act of this State. The proposition, as thus stated, cannot be maintained.

The designation of the property as a part of a preëmption claim does not preclude the claimants from relying upon any other source of title than the United States or the State. But if we admit, for the purposes of this case, the rule to be otherwise, and that the plaintiffs are estopped from denying the superior title of the General or State Government, the inference which the learned counsel would deduce from the admission does not follow. It is undoubtedly true, as a general rule, that the claimant in ejectment must recover upon the strength of his own title, and not upon the weakness of his adversary's, and that it is a sufficient answer to his action to show title out of him, and in a third party. But this general rule has in this State, from the anomalous condition of things arising from the peculiar character of the mining and landed interests of the country, been to a certain extent qualified and limited. The larger portion of the mining lands within the State belong to the United States, and yet that fact has never been considered as a sufficient answer to the prosecution of actions for the recovery

Coryell *v.* Cain.

of portions of such lands.  Actions for the possession of mining claims, water privileges and the like, situated upon the public lands, are matters of daily occurrence, and if the proof of the paramount title of the Government would operate to defeat them, confusion and ruin would be the result.  In determining controversies between parties thus situated, this Court proceeds upon the presumption of a grant from the Government to the first appropriator of mines, water privileges and the like.  This presumption, which would have no place for consideration as against the assertion of the rights of the superior proprietor, is held absolute in all those controversies.  And with the public lands which are not mineral lands, the title, as between citizens of the State, where neither connects himself with the Government, is considered as vested in the first possessor, and to proceed from him.  This possession must be actual and not constructive, and the right it confers must be distinguished from the right given by the Possessory Act of the State.  That act, which applies only to lands occupied for cultivation or grazing, authorizes actions for interference with, or injuries to the possession of a claim not exceeding one hundred and sixty acres in extent, where certain steps are taken for the assertion of the claim, and to indicate its boundaries.  Parties relying upon the rights conferred by this act must show a compliance with its provisions.  They can thus maintain their action without showing an actual enclosure or actual possession of the whole claim.  (See *Wright* v. *Whitesides,* 15 Cal. 46, and *Garrison* v. *Sampson,* Id. 93.)  But where reliance is placed, not upon the act, but upon the prior possession of the plaintiff or of parties through whom he claims, such possession must be shown to have been actual in him or them.  By actual possession is meant a subjection to the will and dominion of the claimant, and is usually evidenced by occupation—by a substantial enclosure—by cultivation, or by appropriate use, according to the particular locality and quality of the property.

The Court instructed the jury that the plaintiffs, in order to recover, must show, after taking a *bona fide* possession, that they continued in actual possession until ousted by the defendant.  This instruction was given at the request of the defendant, and was more favorable to him than the law warranted; yet upon it the jury found for the plaintiffs.  The evidence as to the possession was conflicting, and it is our invariable rule not to interfere with the verdict in such cases.  Had the verdict been for the defendant, we should not disturb it, for the same reason.

The date of the ouster—which is alleged to have taken place in June, 1856, whilst the title of the plaintiffs is alleged to have accrued only in May, 1859—is, probably, a clerical error. If not so, it is a defect which cannot be taken advantage of after verdict.

Judgment affirmed.