GIMBEL (MAYER v.). See Case No. 9,343.

---

## Case No. 5,454.

### GIMMY v. CULVERSON.

[5 Sawy. 605.] [1]

Circuit Court, D. California. Aug. 25, 1866.

PUBLIC LANDS—QUALIFICATIONS OF PRE-EMPTORS—
ACTUAL POSSESSION CANNOT BE INVADED
BY PRE-EMPTORS.

1. The act of congress of May 30, 1862 [12 Stat. 409], authorizing settlements upon the public lands of the United States in the state of California, does not change the qualifications of pre-emption claimants prescribed by the act of September 4, 1841 [5 Stat. 453], or the limitations upon which the privilege of pre-emption is granted.

2. In allowing persons having particular qualifications to settle upon the unsurveyed lands of the United States, congress did not grant a license to invade by force the peaceable possessions of others, even though the latter are not within the class contemplated by its legislation. Its object was to extend the protection and encouragement of the government to those who, in advance of the public surveys, had entered upon and improved or might enter upon and improve the vacant and unoccupied lands of the United States by giving to them the first privilege of purchasing when the lands are offered for sale.

This was an action [at law by Maria B. Gimmy against William Culberson] for the possession of certain land in the county of Napa. It was tried by the court at the July term, 1865, without a jury, by the stipulation of parties.

N. Bennett, for plaintiff.
M. A. Wheaton, for defendant.

FIELD, Circuit Justice. The land in controversy is part of the public domain of the United States, and has not been surveyed or offered for sale by order of the government. The facts upon which the plaintiff seeks to recover, and the defendant rests his defense, as admitted by the parties, are these:

In 1860 one McCarthy inclosed the premises with a fence and erected a house thereon. In May, 1862, he conveyed them to John Gimmy, and in October following the latter transferred them to the plaintiff in trust to

---

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

secure certain payments, and she immediately took possession.

In 1863 the defendant entered the inclosure of the plaintiff, claiming a right to do so under the pre-emption laws of the United States, and asserting this claim has since resided with his family upon the premises. The justification advanced by him is that he is a citizen of the United States, and as such has a right, under the laws of the United States, to settle upon unsurveyed public lands, and thus lay the foundation for the right of pre-emption when the survey is made; and that the plaintiff, who alleges in her complaint that she is an alien, can not acquire any such right, nor by her inclosure exclude him from such public lands. If the land in question had been surveyed by the government, and opened to entry in the land-office of the district, the defendant might perhaps, after such entry, justify the dispossession of the plaintiff, but we doubt whether, until such survey and entry, he can assert as against the prior occupation of the plaintiff any right to settle upon the land. Until then, his claim is a mere naked assertion of an intention to take some future steps to acquire a pre-emption right, and is unaccompanied with any act which will preclude him from seeking at any time other lands for settlement, or his immediate transfer to others of the possession obtained.

In allowing persons having particular qualifications to settle upon the unsurveyed lands, congress did not grant to them a license to invade by force the peaceable possessions of others, and seize their buildings and improvements, even though the latter are not within the class contemplated by its legislation. Its object was to extend the protection and encouragement of the government to those who, in advance of the public surveys, had entered upon and improved, or might enter upon and improve, the vacant and unoccupied lands of the United States, by giving to them the first privilege of purchasing when the lands are offered for sale. We doubt, therefore, whether the naked claim asserted by the defendant, under the circumstances, confers any right which can be considered in a court of justice. It is unnecessary, however, to determine this point at the present time, for the facts, as admitted, do not show that the defendant was entitled to make a settlement on the lands of the United States.

The act of May 30, 1862, which authorizes settlements upon unsurveyed lands in California, does not change in any respect the qualifications of pre-emption claimants prescribed by the act of September 4, 1841; or the limitations upon which the privilege of pre-emption is granted. No person is entitled to the benefits of that act, nor of the act of March 3, 1853 [10 Stat. 244], which extends the provisions of the first act to California, who is the proprietor of three hundred and twenty acres of land in any

state or territory of the United States; and the declaratory statement of the claimant, which is required to be filed in the land-office of the district, must contain an averment that he is not such proprietor. Without this averment the claimant cannot acquire any right of pre-emption to the land upon which he has settled. It would seem plain, therefore, that if he can assert in court any right by virtue of his settlement before survey and entry at the proper land-office, and of course before such declaratory statement is filed, he must bring himself by his proofs clearly and fully within the provisions of the act of congress. He must show himself entitled to demand the right of pre-emption when the survey shall be returned to the proper office. This he has not done in the present case, and so far as we are able to perceive from the facts admitted, he has not placed himself in any better position than the plaintiff; nor is he any more entitled than she is to assert a license to settle upon the premises in controversy. It follows that the present case must be determined by the rule which adjudges the better right in the first possessor, the government, which has the paramount title, not asserting it against either. Coryell v. Cain, 16 Cal. 567; Hubbard v. Barry, 21 Cal. 321.

Therefore, upon the admitted facts, judgment will pass for the plaintiff for the possession of the premises, and for six hundred and eight dollars, the value of their use and occupation from the entry of the defendant to the present time.