## BROWN v. ROSE.

1. **Statute of Limitations: ADVERSE POSSESSION.** To entitle the owner of wild lands to the protection of the statute of limitations, his possession thereof must have been visible, actual, notorious, and hostile. It is not enough that he has paid the taxes thereon, and occasionally looked at and shown them to others as his own. His possession must have been such as to indicate a hostile claim thereto.

*Appeal from Madison District Court.*

THURSDAY, APRIL 18.

An action at law to recover land. There was a verdict and judgment for defendant. Plaintiff appeals.

*A. W. C. Weeks* and *St. John & Williams,* for appellant.

*McCaughan & Dabney,* for appellee.

BECK, J.—I. Among other defenses, the defendant pleaded the bar of the statute of limitations, alleging that plaintiff's

cause of action against him had accrued more than ten years prior to the commencement of the action.

The defendant was permitted to prove, against plaintiff's objection, the general and ordinary acts of ownership exercised by persons owning wild prairie land, which consisted in paying taxes, and, in the language of one witness, "sometimes we traveled over them and looked at, and sometimes we showed them to others." It was shown that defendant, or his grantor, during the ten years preceding the commencement of his action, had exercised these acts of ownership.

The court instructed the jury that to entitle the defendant to the protection of the statute of limitations, he must have held the adverse possession of the land under color of title and claim of right for ten years prior to the commencement of the action; that such possession must have been shown to be actual, continuous, notorious, visible, distinct and hostile, and cannot be presumed, but must be strictly proved. The following additional instructions were given upon the same subject:

1. STATUTE of limitations: adverse possession.

"10. It is not essential to the existence of actual adverse possession of real estate that it should be surrounded by a fence, or that it should be built upon. But such possession may be inferred from the open, notorious, continuous and exclusive exercise of such acts of ownership, control and dominion with reference to the real estate as are usually exercised by the owners of lands over their lands of like character, and in like situation and condition."

"15. It is not in every act of ownership from which will arise such a cause of action as that the bar of the statute of limitations will begin to run against the owner of real estate. The bar of the statute will begin to run only from the beginning of such open, notorious, distinct, exclusive, adverse and hostile acts of ownership as are commonly exercised by the owners of lands over their lands of the same character, condition and situation."

The admission of the testimony above stated, and the giv-

ing of these instructions, are made the grounds of errors assigned upon the record.

II.   The view of the law, as entertained by the court below, appears to be, that the owner of wild lands is to be regarded in the adverse possession when he pays taxes thereon, and extends the attention to them that owners usually exercise towards that kind of property, which, according to the testimony above quoted, is limited to sometimes looking at and showing them to others.   This view is clearly erroneous, and does not contemplate the actual, visible and notorious possession required by the law, in order to enable the defendant to plead the statute of limitations.   While inclosure of land is not necessary to gain such possession, yet there must be something to indicate the hostile claim of the owner.   As is said in a Pennsylvania case, the claimant must keep a flag floating over his property, by exercising the full authority of an owner.   This may be done, when land is not inclosed, "by the exercise of such acts of ownership as are necessary to enjoy the ordinary use of which it is capable, and to acquire the profits it yields in its present condition." *Booth & Graham v. Small & Small*, 25 Iowa, 171.   There would be no safety in carrying the doctrine farther.

The views of the court below seem to us to dispense altogether with continuous, actual possession, and to plant the right of defendant upon acts which may be done as well by strangers, those who have no claim to the lands, as by the owner.

Language is found in *Langworthy v. Myers et al.*, 4 Iowa, 18, which defendant's counsel rely upon to support the view of the court below.   But the question under consideration was not in that case, and whatever is said relates to the possession which will support an action of forcible entry and detainer, and which is inferred from the actual possession of a part of a tract of land.

III.   The defendant raises certain questions involving the correctness of the court's ruling upon the admission of testi-

mony in support of plaintiff's title to the land.    As he did not appeal, he cannot bring these questions before us.

Other questions presented by plaintiff need not be considered, as the judgment of the district court, for the errors above pointed out, must be

REVERSED.