[S. F. No. 1640.    Department One.—December 22, 1900.]

JOHN G. KLUMPKE, Appellant, v. GEORGE H. BAKER et al., Respondents.

TAXATION—ASSESSMENT OF CITY LOTS—MISTAKE IN NAME OF OWNER.— In an assessment of city lots made after the amendment of 1880 to section 3628 of the Political Code, no mistake in the name of the owner or supposed owner of the property can render the assessment invalid. The assessment is of the property, and not against the owner.

ID.—WANT OF "SYSTEM" AS TO SUBDIVISION OF BLOCKS—ASSESSMENT OF LOT—DETERMINATION OF ASSESSOR.—There is no regular system in

---

[4] 25 Am. St. Rep. 219.    [5] 27 Am. St. Rep. 143.

San Francisco for the subdivision of blocks into lots, and where the proper block is given, the assessment of any lot therein may be according to its individual ownership, and the determination of the assessor as to such ownership is not open to review, and any mistake or error therein cannot invalidate the assessment.

ID.—OWNERSHIP OF PART OF LOT—ERRORS IN DESCRIPTION.—The failure of the assessor to describe part of a lot by the metes and bounds described in a conveyance thereof to the owner, as well as his assessment of the entire lot to the wrong person, are only mistakes in the name of the owner, which cannot vitiate the assessment of the lot as a whole.

ID.—VARIANCE AS TO LAND SOLD—ERROR IN COPYING DESCRIPTION—TAX DEED CONCLUSIVE.—A variance between the description of the land assessed contained in the certificate of sale and tax deed, and that entered in a book of descriptions kept for that purpose by the tax collector, cannot affect the title of the purchaser or render the certificate and tax deed ineffective. The tax deed is, by section 3787 of the Political Code, "conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed," which includes the act of the tax collector in copying the description from the certificate.

ID.—LOCATION OF LOT BY STREET.—Where there is a dispute as to the size of the block, the question whether the lot included in a tax deed, commencing at a greater distance from a specified street than the lot claimed by a defendant, in fact includes such defendant's lot, is to be determined by ascertaining the actual location of the street relatively to such lot.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

H. C. Firebaugh, D. T. Sullivan, W. F. Sullivan, and Gavin McNab, for Respondents.

HARRISON, J.—Action to quiet title.  Judgment was rendered in favor of the defendants, and the plaintiff has appealed from an order denying a new trial.

The plaintiff's title is based upon certain tax deeds for different portions of the premises described in the complaint, three

CXXXI. Cal.—6

of the deeds being for the taxes thereon for the fiscal year end-
ing June 30, 1883, and one for the succeeding year. The deeds
were all executed to the plaintiff July 13, 1886, and this action
was commenced July 11, 1891. Upon the introduction of the
deeds in evidence the plaintiff rested. Unless, therefore, some
evidence was introduced on the part of the defendant which
had the effect to impeach the validity of these deeds, the plain-
tiff was entitled to judgment. (Pol. Code, sec. 3788.)

The defendants offered certain evidence to the effect that the
lots for which the deeds had been executed had not been assessed
to their respective owners, two of said lots having been assessed
to the defendant George H. Baker, whereas they were, at the
time of the assessment, the property of his wife, Mary A. Baker,
and stood of record in her name. Evidence was also introduced
to the effect that each of these lots included a portion of a lot
belonging to an adjacent owner. The respondents contend that
by reason of the assessments thus made the tax deeds are en-
tirely inoperative and confer no title upon the plaintiff.

Section 3628 of the Political Code provides that the assessor
shall assess the property "to the person by whom it was owned
or claimed, or in whose possession or control it was at 12 o'clock
M. of the first Monday of March next preceding; but no mis-
take in the name of the owner, or supposed owner, of real prop-
erty shall render the assessment thereof invalid." The assess-
ment is not against the owner, but is of the property, and that
must be correctly described. The name of the owner of the
property assessed is an incidental provision for the sake of con-
venience, but a failure to give the correct name of the owner
is declared by the statute not to impair the assessment. In
*Lake County v. Silver Bank etc. Min. Co.*, 66 Cal. 20, it was said:
"The ascertainment of the name of the owner is a matter with
respect to which the assessor has discretionary power, and his
judgment or conclusion in regard to it is final, so far as the
validity of the tax is concerned."

The failure of the assessor to describe the land in accordance
with the metes and bounds given in the conveyance to the per-
son who is assessed therefor, as well as his including therein
land which is owned by another person, is only "a mistake in
the name of the owner" of the lot assessed, and does not ren-

der the assessment invalid. The cases cited by the respondents arose under a statute which did not contain the above provision of section 3628. Each of the parcels described in the other two tax deeds was assessed to unknown owners. Such assessment is expressly authorized by section 3636 of the Political Code.

The provision in subdivision 3 of section 3650, that the assessor must specify in the assessment-book, under its appropriate head, "City and town lots, naming the city or town and the number of the lot or block, according to the system of numbering of such city or town, and improvements thereon," was followed in the present assessments. The assessor observed the provisions of this section by specifying the number of the block according to the official subdivisions of the land in that portion of the city; and it does not appear that there is any "system" in San Francisco for the subdivision of the blocks into lots. In such a case the assessor may assess any subdivisions according to their individual ownership, and his determination thereon is not open to review, and if erroneous does not invalidate the assessment. In *Cadwalader v. Nash,* 73 Cal. 43, cited by the respondents, it appeared that the pueblo lots had been officially divided into city blocks, and these blocks again subdivided into a large number of lots, which were designated by numbers upon the official map, and that the assessor disregarded these subdivisions and assessed the east half of the pueblo lot as a single parcel.

Section 3778, as it stood at the time of the tax sales in question, provided that the tax collector, before delivering any certificate, must enter in a book kept for that purpose in his office a description of the land sold, corresponding with the description in the certificate, and certain other particulars. At the trial herein the defendants offered this book in evidence, and in one instance the description therein of the land sold varied from that contained in the certificate and in the tax deed, and was in itself defective, and they contend that by reason thereof the deed was ineffective. A proper construction of the several provisions of the statute fails to sustain this contention. Section 3776 provides that, after receiving the amount of the taxes and costs, the collector must make out, in duplicate, a

certificate, stating certain matters therein specified; and section 3777 declares that one copy of the certificate must be delivered to the purchaser, and the other filed in the office of the county recorder. By section 3779 it is declared that: "On filing the certificate with the county recorder, the lien of the state vests in the purchaser, and is only divested by the payment to him, or to the county treasurer for his use, of the purchase money and fifty per cent thereon." Section 3786 declares that: "The matters recited in the certificate of sale must be recited in the deed," and that such deed is primary evidence of certain facts; and section 3787 declares that the deed is "conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed"—one of which is the act of the tax collector in copying the certificate into the book of descriptions. It is not to be held that the rights of the purchaser can be impaired by the failure of the tax collector to make a correct copy of the certificate in this book.

In one of the deeds the land is described as commencing at a point sixty-nine feet easterly from Lyon street, and the complaint describes the land in controversy with the same boundary. Evidence was offered in behalf of the defendant O'Connor, to the effect that the block which embraces the land in controversy is of smaller dimensions than that delineated upon the assessor's map, and that the land claimed by him commences, for its western boundary, at a point fifteen feet east of Lyon street. Whether the land claimed by him is included in the tax deed is to be determined by ascertaining the actual location of Lyon street. The court made no finding upon this subject, and the record does not contain any evidence from which that fact can be ascertained.

The evidence introduced on behalf of the defendants was insufficient to defeat the title of the plaintiff as shown by the tax deeds, and for that reason the court erred in refusing to grant a new trial.

The order is reversed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion thereon on the 22d of January, 1901:

BEATTY, C. J.—I dissent from the order denying a rehearing.

If an indiscriminate assessment of the real property of different persons can be upheld upon any ground, it seems clear to me that it cannot be defended under the provisions of the code respecting mistakes in the names of owners. A mistake in the name of the owner of a lot otherwise correctly assessed puts no obstacle in the way of payment of the proper tax by the real owner. But if my land is assessed together with the adjoining property of another person, I cannot pay my tax without paying his tax. If I pay the whole tax, there is no means by which I can be reimbursed for the excess. If I do not pay I must lose my land.