[Civ. No. 599. Second Appellate District.—March 9, 1909.]

GEORGE W. GLOWNER, Respondent, v. CONCEPCION R. DE ALVAREZ and JULIAN ALVAREZ, Appellants.

TITLE BY ADVERSE POSSESSION—PAYMENT OF TAXES FOR FIVE YEARS ESSENTIAL—PAYMENT FOR FIFTH YEAR BY OWNER.—Title by adverse possession can only be acquired by payment in addition thereto of all taxes assessed against the property for the full period of five years, and it cannot be established by merely showing that the land has been occupied and claimed for five years continuously, when all taxes assessed against the property are paid by the possessor for four years only, and the taxes for the fifth year have been paid by the owner, though assessed against the possessor.

ID.—NATURE AND VALIDITY OF ASSESSMENT.—The assessment for taxation is of the property, and not against the owner or possessor; and the validity of the taxes assessed against the property does not in any manner depend upon the name in which they were assessed.

ID.—NO EQUITIES IN FAVOR OF ADVERSE POSSESSOR AGAINST OWNER—STRICT PRESCRIPTIVE TITLE MUST APPEAR.—There are no equities in favor of the adverse possessor of property as against the owner; but strict title by prescription must appear as required by the statute, including the payment by himself of all taxes assessed against the property for the full period of five years, unless it should appear that in any year no taxes were assessed against the property, in which case no payment would be required.

ID.—VIGILANCE REQUIRED TO PAY TAXES ASSESSED.— The adverse possessor must be as vigilant to pay all taxes assessed against the property promptly as in holding the possession of the land, and if he fails by reason of the payment of one tax by the owner before his title has accrued, he fails entirely.

ID.—OWNER NOT ESTOPPED TO PREVENT TITLE BY PRESCRIPTION.—The owner is no more estopped from saving his title by preventing the last act by which a prescriptive title by adverse possession would be perfected against him than he would be to stop adverse possession at any stage of the attempt to acquire his title by prescription.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Avery & French, and F. W. Allender, for Appellants.

Charles Lantz, for Respondent.

TAGGART, J.—This is an action to quiet title. Plaintiff was the record owner of the lands in question which were sold to the state for taxes and a deed therefor made to the state in August, 1897. On November 5, 1901, a deed was made by the tax collector of Los Angeles county, where the property is situated, on behalf of the state, to the defendant, and on that day she went into possession of the entire premises under said deed, claiming title thereto, and remained in the exclusive possession thereof adverse to the whole world until the commencement of the action. She paid the taxes on the lands for the years 1902, 1903, 1904 and 1905, and they were assessed to her in the year 1906 and she offered to pay the same, but the tax collector refused to accept them from her, they having already been paid by the plaintiff. It is admitted that the tax deed was void for reasons stated by the court in its findings.

The complaint is in the ordinary form, and the defendant sets up her title by tax deed and by adverse possession, both in her answer and also by cross-complaint. But the one question is presented on the appeal: Can adverse possession be established by showing that the land has been occupied and claimed for five years continuously, and all taxes thereon paid for four years, and the land assessed to the claimant for the fifth year, but the taxes for that year paid by the party against whom it is sought to acquire the title?

The answer must be in the negative. The validity of the taxes assessed against the property did not in any manner depend upon the name in which they were assessed. The assessment is of the property and not against the owner. As said in *Klumpke* v. *Baker,* 131 Cal. 80, 82, [63 Pac. 137, 676] : "The name of the owner of the property assessed is an incidental provision for the sake of convenience, but a failure to give the correct name of the owner is declared by the statute not to impair the assessment." In connection with the establishment of a title by adverse possession, the question of assessment only becomes important for the purpose of determining whether *any* taxes at all need to be paid. If no assessment of the property had been made for the year 1906, no taxes would have been levied and assessed which were required to be paid. (Code Civ. Proc., sec. 325; *Baldwin* v.

*Temple,* 101 Cal. 396, [35 Pac. 1008], concurring opinion of McFarland, J., p. 403.)

There are no equities in favor of a party seeking by adverse holding to acquire the property of another, as said by Harrison, J., in his concurring opinion in *Cavanaugh* v. *Jackson,* 99 Cal. 672, 675, 676, [34 Pac. 509, 510]: "Section 325 of the Code of Civil Procedure requires that one who seeks or claims to obtain title by adverse possession shall have paid 'all the taxes, state, county, or municipal, which have been levied and assessed upon such land during the five years of his adverse occupancy.' If, when he offers to make a payment to the tax collector, the tax which has been levied has been already paid, he cannot comply with one of the requirements of the statute, and must fail to acquire a title by adverse possession. There is no hardship in this construction. If the owner of the land pays the taxes as they fall due, there is no reason why his title should be impaired by a subsequent payment by another. The statute makes the payment of taxes as important an element as actual occupancy of the land for the purpose of gaining a title by adverse possession, and the burden is upon the claimant to do the acts required to create the adverse title. He should be as vigilant in paying the taxes as in holding possession of the land. He is seeking to gain the title of another through statutory authority, and it is for him to see that he does all of the acts which the statute requires." This language is approved in *Carpenter* **v.** *Lewis,* 119 Cal. 18, [50 Pac. 925].

That the defendant's inability to pay the taxes was due to the act of plaintiff constitutes the real reason why the running of the statute was stopped. There is no principle of law which would estop plaintiff from saving his title by preventing the last act being done by the party seeking to acquire it, any more than there is to estop him at any other stage during the process of an attempt to acquire his title. Defendant had not done all the acts required to create an adverse title at the time the plaintiff brought his action. Had the defendant tendered the taxes on the property for 1906 to the tax collector, and that officer refused to accept them, although they were not paid, then the exceptions suggested in the opinion in *McNoble* **v.** *Justiniano,* 70 Cal. 395, [11 Pac.

742], might have been before us.  Under the facts presented by the record they are not.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.