[Civ. No. 1925.   First Appellate District.—September 15, 1916.]

ALBERT J. CORY, Respondent, v. W. J. HOTCHKISS et al., Appellants.

QUIETING TITLE—ADVERSE POSSESSION—EVIDENCE—BURDEN OF PROOF.— In an action to quiet title to real property in which the defendants claim title by adverse possession and also under a purported tax sale, where the record title to the land is shown to be in the plaintiff, presumptively he was seised of the possession within the time required by law, and the burden is upon the defendants to show that they or either of them, having color of title to the land, had held and possessed the same against the plaintiff for the full statutory period of five years preceding the commencement of the action.

ID.—ABSENCE OF RECORD TITLE—ESSENTIALS OF ADVERSE POSSESSION.— . One who does not connect himself with a record title cannot be said to have had possession of land under color of title, and therefore, in order to establish a claim of adverse possession, it is incumbent upon him to show compliance with the provisions of section 325 of the Code of Civil Procedure, viz., (1) that the land had been protected by a substantial inclosure; or (2) that it has been cultivated and improved during his alleged use and occupation of the same, and, failing in this, his claim falls.

ID.—CLAIM UNDER COLOR OF TITLE—ABSENCE OF POSSESSION.—Where it does not appear that one claiming land under a tax deed at any time personally or otherwise occupied and used the land, or that he did anything with reference to the same after receiving the deed save to pay the taxes thereon, he cannot sustain a claim of adverse possession.

ID.—LEASING OF LAND—FAILURE TO SHOW EXCLUSIVE USE.—The mere fact that one of the defendants assumed the ownership of the land and leased the same to another may be some evidence that it was his intent to claim the land, but where he fails to show that it was occupied by his lessee for the statutory period, or that it was not used by plaintiff or other persons during that time, his mere intent to claim the land is insufficient to support a claim of title by adverse possession.

ID.—JOINT CLAIM OF ADVERSE POSSESSION—INSUFFICIENCY OF EVIDENCE. Where it is alleged in the cross-complaint in an action to quiet title to land that the title was conveyed by the holder of a tax deed to one of the defendants (who the evidence does not show ever had possession of the land), for the benefit of himself and the other defendant (who leased the land for grazing purposes), the latter cannot be said to have connected himself with the purported title of his codefendant, there being no evidence that he was acting for his codefendant or for himself and the latter jointly.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

E. A. Williams, for Appellants.

Drew & Drew, and Frank Kauke, for Respondent.

LENNON, P. J.—The plaintiff in this action sought and recovered judgment against the defendants quieting his title to 160 acres of land situate in the county of Fresno. The defendants' answer denied all of the material allegations of the plaintiff's complaint, and, cross-complaining, claimed title to the lands in dispute by adverse possession, and also under a purported tax sale and deed from the county tax collector to one R. M. Barthold, which was followed by a deed from the latter to the defendant Hotchkiss alleged to have been made and executed for the benefit of Hotchkiss and the defendant Canty. The trial court found that the tax sale which was the basis of the tax collector's deed to Barthold was invalid, for the reason that it was made for an amount in excess of that permitted by law. It is conceded that the evidence sustains this finding, and that, as a consequence, the tax deed did not, as further found by the trial court, convey any title to the land in dispute to Barthold or his purported successor in interest. It is claimed, however, that by reason of the purported deed from the tax collector to Barthold and the deed from him to the defendant Hotchkiss, the defendants had color of title sufficient to support their claim of title to the land by adverse possession under the provisions of section 323 of the Code of Civil Procedure. The record title to the land having been shown to be in the plaintiff, presumptively he was seised of the possession within the time required by law; and therefore the burden was upon the defendants to show that they or either of them, having color of title to the land, had held and possessed the same as against the plaintiff for the full statutory period of five years preceding the commencement of the present action. (Code Civ. Proc., sec. 321.) In support of the burden thus placed upon the defendants they showed that yearly for seven or

eight years prior to the commencement of the action the defendant Canty had in writing leased the land in suit to one Pucheu, for the purpose of pasturing sheep thereon, and that during a portion of each of those several years Pucheu did run and pasture as many as three separate herds of sheep upon the land for a period of from two to six months in each year; each band of sheep had a herder, and these herders during the time that the sheep were pasturing were in the habit of traveling back and forth over the land. Bands of sheep belonging to other persons at times traveled across the land to water at a well situated on the southeast corner of the land. Pucheu's sheep were upon the land only during the pasture season, and although during that season he was upon the land once a week, he did not know of his own knowledge whether his herders prevented the sheep of other persons pasturing upon the land leased by him; and because of his lack of knowledge as to where the lines of the land actually ran, he was unable to say whether or not the sheep of other persons had roamed and pastured upon the land at the times his sheep were there. Supplementing the evidence of Pucheu, there was testimony of another witness for the defense to the effect that he knew that Pucheu had pastured sheep upon the land in suit, and that, in so far as he knew, no other sheep were permitted to pasture there.

This is substantially a statement of the evidence introduced at the trial and relied upon by the defendants with reference to the actual use and occupation of the land. It was an admitted fact in the case—and the trial court found—that all taxes levied upon the land in suit subsequent to the date of the tax deed to Barthold were paid by the defendant Hotchkiss, and that the defendant Canty paid nothing for or on account of such taxes. While the evidence shows that the land was neither cultivated, improved nor inclosed, it is conceded that inasmuch as Hotchkiss had color of title to the land, he might have supported his claim of adverse possession by proof of his possession and occupancy of the land for the purpose of pasturage, coupled with proof that he had employed herders to keep his own stock on the land and other stock off. (Code Civ. Proc., sec. 323, subd. 3; *Bullock* v. *Rouse,* 81 Cal. 590, [22 Pac. 919].) However, it does not appear from the record before us that the defendant Hotchkiss at any time personally or otherwise occupied and so used

the land, or that he did anything with reference to the same after receiving the deed from Barthold save to pay the taxes thereon. Therefore it cannot be said that he had continuously or at all occupied the land for the purpose of pasturage for the statutory period of five years; and consequently it must be held that his claim of adverse possession was not made out. True, the defendants in their cross-complaint alleged that Barthold conveyed the land to the defendant Hotchkiss for the use and benefit of Hotchkiss and Canty. This allegation, however, was duly denied by the plaintiff's answer to the cross-complaint; and the record is absolutely barren of any evidence showing or tending to show any interest in common between them under the deed or otherwise or that the defendant Canty was in privity or ever claimed any right, title, or interest in the land under or through the defendant Hotchkiss. In so far as the record shows, the source of Canty's right to lease the land to Pucheu does not appear, and certainly there was no showing that in so leasing the lands he was acting for Hotchkiss, or jointly for himself and Hotchkiss. The defendant Canty not having connected himself with the purported title of Hotchkiss, cannot be said to have had possession of the land in dispute under color of title, and, therefore, in order to establish his claim of adverse possession, it was incumbent upon him to show compliance with the provisions of section 325 of the Code of Civil Procedure, viz., (1) that the land had been protected by a substantial inclosure, or (2) that it had been cultivated and improved during his alleged use and occupation of the same. This the defendant Canty did not do, and therefore his defense of adverse possession necessarily failed when measured by the provisions of the code section last cited.

. But, aside from this, we are of the opinion that the evidence adduced relative to the use and occupation of the land by Canty's lessee would not have sufficed to support a finding that the defendants, or either of them, had exclusive use and occupation of the land for the statutory period within the intent and meaning of the provisions of section 323 of the Code of Civil Procedure. The mere fact that Canty assumed the ownership of the land and leased the same to Pucheu may have been some evidence that it was the intent of Canty to claim the land; but if, as the evidence shows, he did no more, and that the land was not occupied by Pucheu

under the lease in the manner and for the period prescribed by the statute, then of course the mere intent of Canty would not afford any substantial support to the claim of adverse possession; and certain it is that the defendants did not affirmatively show, as they were required to do, that during the time that the land was not used for grazing purposes it was not otherwise used and occupied by the plaintiff or other persons claiming under him or independent of him. The testimony that "this quarter-section is used for nothing after the end of the pasture season" is the only evidence to be found in the record upon this phase of the case; and obviously the scope of that testimony must be confined to the use to which the land was usually put, and clearly cannot be construed as establishing the fact that the land was not occupied during and after the close of the pasturing season. In brief, the proof proffered in the present case in support of the claim of adverse possession, as in the case of *Strauss* v. *Canty,* 169 Cal. 101, [145 Pac. 1012], "was entirely consistent with the view that the possession of this holding under Canty was casual and intermittent," and therefore, as was said in that case, "the court was entirely justified in concluding that the defendant had not proven an exclusive and continued possession sufficient to satisfy the statute."

For the reasons stated, the judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.