[Civ. No. 22531.   Second Dist., Div. One.   Nov. 14, 1957.]

D. H. BELL, Respondent, v. ANNABELLE TOWNE, Appellant.

Willedd Andrews for Appellant.

Leo Goodman and Gizella L. Allen for Respondent.

FOURT, J.—This is an appeal from a judgment in favor of the plaintiff quieting her title to two vacant lots.

This action was filed November 20, 1953. In 1946, the plaintiff herein filed an action, which will hereinafter be referred to as the "first action," to quiet title to the same two lots involved in the present action. The matter was heard in the same court, against the same defendant-appellant, her husband, and Catherine A. McKenna, and plaintiff received a judgment quieting the title in plaintiff, which judgment was sustained on appeal in 95 Cal.App.2d 398 [213 P.2d 73], and became final on May 25, 1950. In the first action the appellant herein appeared and answered in propria persona and testified at the trial that she did not own any part of either lot and that she only claimed the right to take care of the lots for Mrs. McKenna. The judgment in the first action was in the usual form.

The present action was filed about three and one-half years after the judgment in the first action became final. The complaint in the present case set forth and pleaded a copy of the judgment in the first action, as well as a copy of the opinion of the District Court of Appeal. The appellant answered by denying that the plaintiff owned the property, but made no denial of the record of the first action. She further answered, by way of a special defense, that she was the owner of the property in question. There was no plea of the statute of limitations.

The evidence disclosed that the first time appellant saw or communicated with plaintiff, or anyone representing her,

following the first action was in the fall of 1953, at which time a representative of the plaintiff called on appellant to discuss the sale of the lots to appellant, and plaintiff through her representative thereupon discovered for the first time subsequent to the first action, that appellant claimed an interest in the lots. A title search was requested and plaintiff ascertained that a quitclaim deed dated April 28, 1952, from a Catherine A. McKenna to the appellant Towne had been recorded on April 29, 1952. Plaintiff then brought this action to remove the cloud on the title caused by the recording of the quitclaim deed, and also to remove any other possible claim of the appellant.

At the trial there was received into evidence the file of the first action, which included the exhibits, pleadings, judgment and a copy of the opinion of the District Court of Appeal. ██ It has been held that, "When a former judgment is properly pleaded in a complaint, such judgment may be considered by the trial court in determining whether it is res judicata of a plaintiff's alleged cause of action" and, ". . . it is the general rule that a final judgment is res judicata of the issues involved therein where the trial court had jurisdiction." (*Weil* v. *Barthel*, 45 Cal.2d 835, 837 [291 P.2d 30].)

██ It was stated in *Todhunter* v. *Smith*, 219 Cal. 690, at pages 694-695 [28 P.2d 916], as follows: "By virtue of the doctrine of *res judicata* the final determination of a court of competent jurisdiction necessarily affirming the existence of any fact is conclusive evidence of the existence of that fact when it is again in issue in subsequent litigation between the same parties in the same or any other court. The facts decided in the first suit cannot be disputed or relitigated although the later suit is upon a different cause of action. (Citing cases and authority.) The doctrine of *res judicata* has a double aspect. ██ A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action."

The Todhunter case is cited with approval in *Taylor* v. *Hawkinson*, 47 Cal.2d 893, 895 [306 P.2d 797].

██ The appellant made an effort to attack collaterally the judgment in the first action by attempting to show that McKenna was a disbarred attorney and therefore could not represent the appellant therein. The record discloses that

appellant was in court in propria persona, as was McKenna. No such collateral attack can be permitted. (*Hollyfield* v. *Geibel*, 20 Cal.App.2d 142, 148 [66 P.2d 755] ; *Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105].)

██ The plaintiff established a prima facie case in her favor when she pleaded the judgment and the appellate court opinion, and at the trial caused to be received into evidence the file of the first action (including the judgment which established that she was the owner of the property in question, and that the appellant had no right, title or interest in the property, and that she was enjoined from claiming any). The burden then shifted to the appellant. It was appropriately stated in *Madden* v. *Alpha Hardware & Supply Co.*, 128 Cal.App.2d 72, at page 75 [274 P.2d 705] :

"It should be noted that the primary question for determination is the validity of plaintiffs' title, if any—not the strength or weakness of defendant's title; in other words, the sufficiency of the evidence to support the finding of the trial court that plaintiffs have title to the property in question.

"The plaintiffs, having shown legal title in themselves, it is presumed that they were possessed of the property within the time required by law and that the occupation thereof by defendant is deemed to have been in subordination of plaintiffs' title, unless it be shown that defendant's possession was adverse for the statutory period. (Code Civ. Proc., § 321.) Thus the burden was cast upon defendant to affirmatively establish its alleged adverse possession. (*Westphal* v. *Arnoux*, 51 Cal.App. 532 [197 P. 395].)" (See also *Cory* v. *Hotchkiss*, 31 Cal.App. 443, 444 [160 P. 841].)

The quitclaim deed which the appellant secured from McKenna was worthless. The court in the first action decreed that McKenna had no interest in the property, and therefore she had no interest which she could transfer to the appellant herein.

Appellant did pay some of the taxes on the property but she did not pay all of them. ██ In *West* v. *Evans*, 29 Cal.2d 414, at page 417 [175 P.2d 219], it is set forth :

"To establish title by adverse possession, the claimant must establish five elements in connection with his occupancy of the property. (*Unger* v. *Mooney*, 63 Cal. 586 [49 Am.Rep. 100] . . .; see Code Civ. Proc., §§ 321 et seq.) (1) Possession must be by actual occupation under such circumstances as to constitute reasonable notice to the owner. (Citing cases.) (2) Possession must be hostile to the owner's title. (Citing

cases.) (3) The holder must claim the property as his own, either under color of title, or claim of right. (Citing cases.) (4) Possession must be continuous and uninterrupted for five years. (Citing cases.) (5) The possessor must pay all of the taxes levied and assessed upon the property during the period. (Citing cases.) Unless each one of these elements is established by the evidence, the plaintiff has not acquired title by adverse possession.

"Actual possession, said Chief Justice Field, means 'a subjection to the will and dominion of the claimant' (*Coryell* v. *Cain*, 16 Cal. 567, 573). It is established not alone by the assertion of title, but it must be coupled with acts of ownership which proclaim to the world, and bring notice to the owner, that a right is claimed in the land over which the claimant is seeking to exercise dominion. (*Hart* v. *Cox*, 171 Cal. 364, 367 [153 P. 391]. . . .)"

In the present case the evidence disclosed that appellant failed to establish the requirements numbered (1), (2), (4) and (5) above mentioned.

The judgment is affirmed.

White, P. J., and Drapeau, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 6, 1958.

---

*Assigned by Chairman of Judicial Council.