PAULSEN, J. pro tem.*
Appellant commenced this action to quiet title to property in the city of Richmond and relied on five years adverse possession. The court rendered judgment in favor of respondent on the sole ground that appellant had not paid all taxes that had been levied and assessed upon such land. The appeal is from the judgment.
*119 Respondent concedes that if appellant paid the taxes in full he must prevail.
The applicable statutory law is found in section 325 of the Code of Civil Procedure, and reads:
“Por the purpose of constituting an adverse possession by a person claiming title, not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following eases only:
“1.—Where it has been protected by a substantial inclosure. “2.—Where it has been usually cultivated or improved.“Provided, however, that in no case shall adverse possession be considered established under the provision of any section or sections of this Code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, State, county or municipal, which have been levied and assessed upon such land. (Enacted 1872. As amended Code Am. 1877-1878, c. 590, p. 99, § 1.) ”
It is admitted that appellant had undisputed possession of the property from October 19, 1949, until October 18, 1954; that he paid all the county taxes levied and assessed during that period; that he paid all city of Richmond taxes levied and assessed during that period except the last installment for fiscal year 1954-1955; that the city property was assessed on the first Monday in March, 1954, and the levy was made September 1, 1954; that under the city ordinance the first installment became due November 1, 1954, and the second installment became due February 1, 1955; that both installments could have been paid November 1, 1954.
It is further admitted that because of failure to pay the second installment, it became delinquent and the land was sold to the city; that on December 2, 1955, the property, which had at all times been assessed to Noena Byer, respondent’s predecessor in interest, was redeemed by respondent.
Appellant ‘‘contends that since his full five years of adverse possession matured on October 18, 1954, and since the 1954-1955 City of Richmond taxes could not be paid until November 1, 1954, appellant’s adverse title to said property ripened on October 18, 1954, without payment of those taxes.”
There are dicta in several cases that appear to support that contention. Appellant relies specifically on Meier v. Meier, 71 Cal.App.2d 502 [162 P.2d 950]. In that ease, the respondent, who also relied on adverse possession, went into possession July 1, 1937, and paid all taxes except those levied and *120 assessed for the fiscal year 1942-1943, which went delinquent. The court said at page 507: “Plaintiffs urge that failure to pay taxes for the fiscal year 1942-1943 is fatal. ... As we have already seen, her title by prescription ripened about July 1, 1942. Taxes for the fiscal year 1942-1943 were not then computed, their amount was then unknown, and they could not then be paid. The law does not require the impossible, and because taxes due and payable after she acquired title to the property became delinquent cannot defeat that title except through a sale held under the tax laws. ...” [Italics added.]
It seems that what the court intended to hold was that when title by prescription is once established, the failure thereafter to pay taxes could not be fatal. However, the facts as stated do not appear to support the conclusion that title by prescription has ripened before the taxes for 1942-1943 had “been levied and assessed.”
We cannot agree with the court’s conclusion if it intended to hold that taxes levied and assessed for the fifth year of possession did not need to be paid simply because the payments could not be made until after the claimant had been in possession for five years. Such a holding would be in direct conflict with the statute which requires that all taxes must be paid which have been levied and assessed.
Where the claim is of the nature prescribed by the codes, and there is a continuous occupancy for five years, only one of the two elements required by the last paragraph of section 325 of the Code of Civil Procedure is established. The reference to five years in that part of the section fixes the time of occupancy and claim only; it says nothing about taxes. The last part of the paragraph prescribes the second element —-the payment of taxes—and contains its own time requirement. This five-year provision does not refer to the time when taxes must be paid but to the time when they are levied and assessed. There is nothing in the section which says that the taxes must be paid within the five-year period of possession; the requirement is simply that all taxes be paid.
If the Legislature had intended the result contended for by appellant, it would undoubtedly have provided that all taxes must be paid “that become due and payable during the five years of occupancy.” As the section now reads, it must be construed to mean that all taxes levied and assessed during the period of possession must be paid even though more than five years is required. The provision for payment of taxes is not subordinate to the provision for occupancy. If occupancy *121 and claim start at a time of year when payment of all taxes cannot be made in five years, then more than five years must elapse before title by adverse possession can be established. To hold otherwise is to read something entirely new into the section.
The taxes a claimant must pay are those levied and assessed during the period of possession. (West v. Evans, 29 Cal.2d 414 [175 P.2d 219]; Kraemer v. Kraemer, 167 Cal.App.2d 291, 306 [334 P.2d 675]; Bell v. Towne, 155 Cal.App.2d 225, 226 [318 P.2d 110].)
The word “assessment” in the section refers to the act of the assessor. The word “levied” refers to the act of the board of supervisors or city council. (Allen v. McKay & Co., 120 Cal. 332 [52P. 828].)
Since appellant went into possession on October 19, 1949, he was not required to pay taxes levied and assessed before that date. The requirement applied to the taxes levied and assessed in 1950, 1951, 1952, 1953 and 1954. The city taxes for 1954 were assessed on the first Monday in March and the levy was made on the first of September. Appellant could have paid these taxes in full on November 1, 1954, and could thereby have established his title.
Citing from Clements v. T. R. Bechtel Co., 43 Cal.2d 227 [273 P.2d 5], appellant argues that where a statute is susceptible of two constructions, the one which leads to the more reasonable result should be followed. The language of the section is not susceptible of two constructions.
Appellant could have made the payments at any time before respondent did so, and up to that time there was no legal requirement that was impossible to perform.
In Glowner v. De Alvarez, 10 Cal.App. 194, 196 [101 P. 432], the court said; “There are no equities in favor of a party seeking by adverse holding to acquire the property of another. . . . ‘He should be as vigilant in paying the taxes as in holding possession of the land. He is seeking to gain the title of another through statutory authority, and it is for him to see that he does all of the acts which the statute requires. ’ ’ ’
The judgment is affirmed.
Kaufman, P. J., and Draper, J., concurred.
Appellant’s petition for a hearing by the Supreme Court was denied May 18, 1960. Traynor, J., was of the opinion that the petition should be granted.

 Assigned by Chairman of Judicial Council.