[Civ. No. 11820. First Dist., Div. Two. Apr. 2, 1942.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Respondent, v. L. PEREZ et al., Appellants.

Geo. Ingraham for Appellants.

Roy D. Reese and James E. Burns for Respondent.

McWILLIAMS, J. pro tem.—Defendants have appealed from a judgment rendered in favor of plaintiff. The notice of appeal also attacks the order of the lower court denying their motion for a new trial. The latter order is not appealable and therefore the appeal therefrom must be dismissed. (See Code Civ. Proc., sec. 963.)

Plaintiff sued to quiet title to certain real property of which it claimed ownership. Defendants filed an answer denying plaintiff's ownership of the property. They also filed a cross-complaint in which they alleged that plaintiff claimed to have acquired title to the property by purchase

at a foreclosure sale held to satisfy a lien on the property which lien was evidenced by certain street improvement bonds. According to defendants' cross-complaint the proceedings incident to that sale were fatally defective and as a result plaintiff did not acquire title to the property.

Defendants also make the preliminary contention that the complaint of plaintiff contained but the general allegations ordinarily found in a complaint to quiet title and that such general allegations are insufficient to oust the holder of the legal title. This claim assumes that plaintiff's title was but an equitable one. It overlooks the fact that under section 75 of the Improvement Act of 1911 [Stats. 1911, p. 730; Deering's Gen. Laws, 1937, Act 8199], under the provisions of which act the bonds had been issued, the deed of the city treasurer conveys to a grantee "the absolute title" to the lands described therein.

Upon the trial of the case plaintiff offered in evidence the three deeds issued to it by the city treasurer of Oakland. Defendants contend that no sufficient foundation was shown for their introduction. We cannot agree with this contention. Section 75 of the act provides that the treasurer's deed, when duly acknowledged or proved, "is primary evidence of the regularity of all proceedings theretofore had, and conveys to the grantee the absolute title to the lands described therein, as of the date of the expiration of the period for redemption, free of all encumbrances, except the lien for State, county and municipal taxes." The phrase "primary evidence" appears in section 3786 of the Political Code in reference to the evidentiary value of the tax deed, and as there used has been held to mean *prima facie* evidence. (*Boyer* v. *Gelhaus*, 19 Cal. App. 320, 322 [125 Pac. 916].) Obviously the same meaning should be given to the phrase in construing the act with which we are here concerned.

The next contention of defendants is that plaintiff acquired no title to the property in controversy by reason of the alleged fraud of a former commissioner of streets of the city of Oakland which fraud is claimed to have vitiated the proceedings upon which the deeds to plaintiff are based. Evidence was offered and admitted on behalf of defendants to the effect that the commissioner referred to had initiated the proceedings in the city council and had voted for the resolution which resulted in the improvement of the prop-

erty in controversy. Defendants claim that at the time this improvement was authorized the commissioner mentioned was engaged in the business of accepting bribes for street work. In support of this contention defendants offered in evidence the testimony of the District Attorney of Alameda County to the effect that not long after the initiation of the street improvement on the property in question, the commissioner of streets mentioned had been convicted of conspiracy to commit bribery. In support of their claim of fraud defendants also offered in evidence the statement of the district attorney prepared under the provisions of section 1192 (a) of the Penal Code in which were set forth the circumstances of the offense charged. The objection of the plaintiff to the introduction of the statement referred to was sustained by the trial court. We find no error in this ruling. The trial court properly held that if the proceedings underlying the foreclosure suit were vitiated by fraud, as claimed by defendants, they might offer evidence of that fact, but that the statement offered by them was not competent evidence of such fraud.

Defendants also contend that since neither the assessed nor the market value of the property in question at any time exceeded $100 per lot, and since the street assessments for which the lots were sold far exceeded that sum, the property of defendants has been confiscated. But under the terms of the Improvement Act involved, the property owners could have appeared before the council to present their protest against the contemplated improvement. The act (sec. 6) makes the action of the council on such protest final and conclusive. It is true that certain objections of a property owner such as those of fraud are not finally disposed of by the ruling of a city council. But fraud when claimed must be proved by competent evidence. The lower court held that no sufficient showing of fraud was made by defendants and in that holding we concur.

We may add that in their closing brief counsel for defendants for the first time argue in support of a point made but not argued in their opening brief to the effect that defendants were given no notice of the proceedings in connection with the assessment and sale of their property. As pointed out above the deeds to plaintiff under the terms of the act constituted *prima facie* evidence of the regularity

of all proceedings antedating their execution. In view of the tenuous character of the testimony of the one defendant who testified on this point, we cannot hold that the lower court erred in deciding that due notice was given to defendants.

The demands made upon the city treasurer to sell the property in satisfaction of the lien of the outstanding bonds are claimed to be defective in form by reason of the omission therefrom of certain provisions that defendants claim were essential. One such contention is predicated upon the fact that the official signature of plaintiff does not appear at the end of the demands. The demands appear to have been on the letterhead of plaintiff and to have been signed, "C. F. Lewis, Manager Bond Department." They included requests to the city treasurer to "Please advise us as to the date of advertisement." We are of the opinion that the demands complied with the statutory requirement that the city treasurer sell the property whenever the bonds were in default "and the holder of the bonds demands in writing" that he advertise and sell. Without enumerating all the various alleged omissions from the demands that are complained of it is sufficient to say that in our opinion the demands contained all of the matters that are required by the act.

The certificates of sale issued pursuant to the provisions of section 72 of the act are claimed to be defective by reason of their failure to set out certain matters including the preliminary proceedings, the fact of default, and the making of the demands to sell. The statute makes no such requirement. It merely provides that the certificates shall recite the date, number, and series of the bonds under which the sales were made, describing the land sold and giving the date of sale, the purchaser's name, the amount paid, and the numbers of the certificates. The certificates set out all the matters required with one possible exception.

That exception relates to the numbers of the certificates. One of the three certificates of sale that had been executed was read into the record, it being stipulated that the other two were similar in form. It reads in part as follows: "Sale No. 611, Certificate of Sale of Property pursuant to the provisions of Improvement Act of 1911 and amendments thereto, sold for nonpayment of principal and interest of bond issued

to represent assessment . . . This instrument is to certify that on the 10th day of May, 1934 . . ." The lower court evidently held, and properly so in our opinion, that the portion reading "Sale No. 611" constituted the number of the certificate of sale within the requirement of the act. Appellants insist, however, that the number appears in the caption of the certificate and that the caption is no part of the certificate, citing *Preston* v. *Hirsch,* 5 Cal. App. 485 [90 Pac. 965], in support of their contention. In that case the court held that the caption of a certificate of sale could not be considered in aid of the certificate for the purpose of determining the year of the assessment when that fact was not recited in the body of the certificate. The application of the doctrine there laid down that a caption is no part of a certificate must vary with the circumstances and with the precise question presented. A person who read such a certificate of sale would not normally expect to find in the caption a recital of the year for which the taxes involved had been assessed, whereas he would normally examine the caption for the number of the certificate itself.

It is true that, as the Supreme Court of this state has held, the prescribed mode of procedure must be followed in the sale of land for delinquent taxes so far as that procedure is specific and of possible benefit to the owner. (*Chapman* v. *Jocelyn,* 182 Cal. 294, 298 [187 Pac. 962].) But we cannot see how the defendants could have been possibly benefited by the inclusion of the numbers of the certificates in the body of the certificates rather than in the caption thereto.

The certificates are also claimed to be defective in that they falsely recite that the property sold had been assessed to unknown owners, whereas, according to the testimony of the city treasurer, the property at all times appeared on his records as being owned by certain named owners. Defendants contend that this discrepancy renders the sales void. In support of this contention they cite the case of *Hinds* v. *Clark,* 173 Cal. 49 [159 Pac. 153]. That case involved the provisions of an ordinance of the city of Bakersfield which required that certificates of sale should specify the date upon which the city would be entitled to a deed to property sold to it. The certificate considered by the court in that case did not correctly specify that date and it was therefore held void. The act of 1911 under which the street improvements involved

in this case were made includes no requirement that certificates of sale shall include the name of the person whose property is sold. The recitals in the certificates received in evidence in this case to the effect that the property sold had been assessed to unknown owners, were superfluous and of no legal effect. (See *Campbell* v. *Shafer,* 162 Cal. 206, 210 [121 Pac. 737].)

Defendants next contend that the certificates recite that the three parcels of property in question were sold for $935.80, $1,121.09, and $841.82, respectively, whereas the recitals to that effect are false, the purchaser having merely delivered up to the city treasurer the improvement bonds held by it in payment of substantially all of the purchase price. The testimony of the city treasurer as to the form in which the payments for the property sold were made was allowed in evidence over the objection of defendants. They contend that the city treasurer was not authorized to accept bonds in lieu of cash and that in any event if the bonds might be accepted the certificates should have recited such acceptance. We are of the opinion that the contention is without merit. It may be that the city treasurer could have refused to accept the improvement bonds and could properly have insisted on the payment of the purchase price in cash. (See *Kelly* v. *Barnet,* 24 Cal. App. 119 [140 Pac. 605].) A contention similar to the one here made by defendants was made by a party whose property had been sold on execution. In passing upon his contention the court said: ''Accepting the appellant's contention that the statute contemplates that payment should be made in cash, this does not exclude a manner of payment which substantially amounts to the same thing.'' (*Mitchell* v. *Alpha Hardware etc. Co.,* 7 Cal. App. (2d) 52, 58 [45 P. (2d) 442].) The court in that case quotes from an earlier decision of the Supreme Court of this state to the effect that ''To pay money to the sheriff merely to have it returned would be an idle ceremony.'' The reasoning of the court in the Mitchell case, *supra,* is applicable to the contention made by defendants in this case.

The notice to redeem is claimed by defendants to be defective in that the names of the owners whose property was sold do not appear therein. Defendants argue that there is nothing in the statute which provides that the owner's name may be omitted. Suffice it to say in response that there is nothing in the statute requiring that the names of the owners

shall appear. The act merely provides (sec. 74) that such notice to redeem must be served upon the owner or his agent thirty days before application is made for a deed. The notice includes all of the matters required by the act. ▇ The point is made by defendants that the notice states "that the *time* of redemption" of the property will expire on a certain specified date, whereas under the act the notice should have stated the date when the "*right* of redemption" would expire. Substantial compliance with the statute in this respect is sufficient and in our opinion it was substantially complied with. (*Reed* v. *Lyon,* 96 Cal. 501, 503 [31 Pac. 619]; see, also, 2 Page & Jones on Taxation by Assessment, p. 1877.)

▇ The notice to redeem stated that unless the property was redeemed plaintiff would, on October 4, 1937, apply for a deed, whereas, say defendants, plaintiff did not apply for a deed until October 6. Under section 73 of the act property sold may be redeemed at any time before application is made for a deed. Concededly defendants could properly have applied for a deed on October 4. We fail to see how defendants have been prejudiced because they were given two days longer to redeem than the law required.

▇ Complaint is made of the fact that the treasurer's deed to the property ran to Pacific States Savings and Loan Company *of San Francisco,* whereas the notices to redeem stated that Pacific States Savings and Loan Company was the purchaser. No claim is made that defendants were misled by the variance in the names, conceding that such variance exists. We are of the opinion that the notices were substantially correct which, as pointed out above, is all that the law requires with respect to notices to redeem.

▇ Two of the affidavits of the posting of the notice to redeem are claimed to be defective. Those affidavits state that "on the 3rd of September" affiant posted the notice to redeem without stating the year in which this was done. The affidavits appear to have been executed on September 4, 1937. Moreover they recite that the affiant posted true copies of the notice to redeem the property in controversy. The original notice to redeem appears to have been executed on September 1, 1937. The affidavits recite that the notices were posted "more than thirty days next immediately preceding" the fourth of October, 1937. Hence under a reasonable construction of the affidavits the posting of the copies could only have been done on the third of September in the year 1937.

The demand for the sale of the property of defendants and the deed given to plaintiff are complained of as defective in form. We are of the opinion that both documents comply with all statutory requirements. The omissions complained of by defendants refer to matters that the act does not require to be included.

The findings are in our opinion sufficient to support the judgment. The recitals in the deeds that were introduced in evidence and which were found by the lower court to have been duly and regularly issued, were sufficient under section 75 of the act to indicate that the bonds were delinquent, that the property was duly advertised and sold, and that plaintiff acquired title to the property at the sale. In response to the claim that there is no finding on the issues of fraud and confiscation, it is sufficient to call attention to the finding of the lower court that the claims of defendants to the property are without right and that they have no interest in the property. Where an omitted finding must be inferred from a consideration of the findings actually made, an appellate court will recognize the necessary inference and consider the finding in question as having in effect been made. (*Reiniger* v. *Hassell*, 216 Cal. 209, 211 [13 P. (2d) 737] ; *Publishers D. Serv.* v. *Southern Cal. S. B. Depos.*, 14 Cal. App. (2d) 448 [58 P. (2d) 401].)

Defendants claim that the judgment is defective in that certain of the defendants who were sued by fictitious names were neither served nor dismissed. In support of their claim that such omission constitutes reversible error they cite *Diggins* v. *Reay*, 54 Cal. 525. The statute involved in that case provided that actions for the collection of delinquent street assessments must be brought "against the owners and all persons having any interest therein." (Stats. 1869-70, p. 890, sec. 13.) No such requirement is to be found in the act with which we are here concerned.

The judgment appealed from is affirmed and the purported appeal from the order denying a new trial is dismissed.

Nourse, P. J., and Spence, J., concured.

A petition for a rehearing was denied May 2, 1942, and appellants' petition for a hearing by the Supreme Court was denied May 28, 1942.