[Civ. No. 18436.   Second Dist., Div. Three.   Dec. 11, 1951.]

IRVING SCHULMAN, Respondent, v. OLIVE J. SHORES et al., Defendants; IDA STOCKTON, an Incompetent Person, Appellant.

Warner, Peracca & Cowan and George E. Lindelof, Jr., for Appellant.

Max Bergman, Warren M. Goodwin and Joseph P. Guerin for Respondent.

VALLÉE, J.—Appeal of Ida Stockton, an incompetent, by her guardian, from a judgment in a quiet title action which decreed that plaintiff is the owner of "Lot 12 in Block H of Strong and Dickenson's Hollywood Tract No. 1."

Ida Stockton purchased the property in 1919, but title was taken in the name of Olve J. Shores. Ida Stockton, Olve J. Shores, and Olve J. Shors are one and the same person. The property is improved with three residential units—5951, 5957 and 5961 Melrose Avenue. Three street improvement bonds, dated April 14, 1931, which were liens on the property, were foreclosed and the property sold to plaintiff on December 2, 1946. On August 26, 1948, Ida Stockton, who occupied 5951, and Marion Massey, one of the occupants of 5961, were served with notices to redeem. Apparently 5957 was unoccupied at the time but Ida Stockton was served with a notice to redeem with respect to it. Notices to redeem were also posted on the property. On December 29, 1948, three deeds covering the three different fractional portions of Lot 12

were issued to plaintiff by the treasurer of the city of Los Angeles.

On May 11, 1949, plaintiff filed this action to quiet title against Olive J. Shores and Ida Stockton. The complaint contained the same legal description of the property as that contained in the judgment, *supra*. Plaintiff's claim of ownership was based upon the three treasurer's deeds issued to him, and it was alleged that they had been issued "more than six months prior to the commencement of this action," and that plaintiff was "therefore within the provisions of Section 6571, Streets and Highways Code of California."

An answer was filed, entitled "Answer of Ida Stockton p. p. and for Olve Shors," and signed "Olve Shors by Ida Stockton—In propria persona." On December 16, 1949, an amendment to the answer was filed by "Ida Stockton pa." The amendment alleged that the three treasurer's deeds were void and of no force and effect because issued upon false affidavits of service under section 6550 of the Streets and Highways Code; that Olve J. Shores, "a real and not a fictitious person," is the record owner of the property described in the complaint; that Ida Stockton is the owner of the property "described in the complaint"; that she has occupied it for several years past; and that the notice provided by section 6550 of the Streets and Highways Code was not personally served upon her or upon Olve J. Shores "designated in said complaint as Olive J. Shores."

At the commencement of the trial, the action was dismissed as to the defendant Olive J. Shores. Plaintiff introduced in evidence the three treasurer's deeds, introduced by reference three files of the city treasurer which contained the records of the foreclosure proceedings, including the notices to redeem and the affidavits of service of the notices, called Ida Stockton under section 2055 of the Code of Civil Procedure, elicited from her that she was the owner of the property, and rested.

When defendant presented her defense, plaintiff objected to the introduction of evidence attacking the validity of the deeds on the ground the defense was barred under section 6571 of the Streets and Highways Code.[1] The court

---

[1] "Any action, suit or proceeding attacking or contesting the validity of any deed issued under the provisions of this division, or the validity of the proceedings subsequent to the issuance of the certificate of sale, must be brought within six months after the issuance of the deed, and if the validity of the deed or of the proceedings is not contested within that six months' period, it shall not be thereafter contested or questioned in any action, suit or proceeding."

overruled the objection and admitted the evidence subject to a motion to strike. No motion to strike was thereafter made.

The court found that: plaintiff is the owner of the property; Olve J. Shors and Ida Stockton are one and the same person and Olve J. Shors is the alter ego of Ida Stockton; the notice of redemption required by section 6550 of the Streets and Highways Code was served on Olve J. Shors by service on Ida Stockton. Conclusions and judgment followed accordingly.

Plaintiff's objection to the introduction of evidence attacking the validity of the deeds should have been sustained. (Sts. & Hy. Code, § 6571.) ■ The deeds constituted prima facie evidence of the regularity of all proceedings antedating their execution. (Sts. & Hy. Code, § 6555[2]; *Pacific States S. & L. Co.* v. *Perez,* 51 Cal.App.2d 84, 88, 89 [124 P.2d 184].) The deeds were issued September 29, 1948, and the complaint filed May 11, 1949. The six months' period within which the validity of the deeds could be assailed had, therefore, expired. However, since no motion to strike the evidence was made by plaintiff, we consider the record as made in the court below.

■ Appellant's claim that the deeds were void because an affidavit of service of one of the notices to redeem gave the given name of the owner served as "Olive" in place of "Olve," is without merit. No contention is made that the notices were defective. The fact that the given name was inadvertently misspelled in the affidavit is not fatal. ■ The same rule which applies to the service of process applied to the service of notices. It is not so much the *proof* of service but the *fact* of service that is controlling. (21 Cal. Jur. 575, § 88. *Cf. In re Spiers,* 32 Cal.App.2d 124, 127 [89 P.2d 456]; *Vail* v. *Jones,* 209 Cal. 251, 255 [287 P. 99]; *Alpha Stores, Ltd.* v. *You Bet Min. Co.,* 18 Cal.App.2d 249, 251 [63 P.2d 1137].) ■ Plaintiff testified he personally served the notices to redeem upon defendant Stockton and introduced photographs showing that the notices had been posted on the property. The evidence supports the court's finding

[2] "The deed of the treasurer, when duly acknowledged or proved, is primary evidence of the regularity of all proceedings theretofore had, and conveys to the grantee the absolute title to the lands described therein, as of the date of the expiration of the period for redemption, free of all encumbrances, except the lien for State, county and municipal taxes."

that service of the notice required by section 6550 of the Streets and Highways Code had been made on Ida Stockton.

Appellant's contention that there is a fatal variance between the three different fractional descriptions of Lot 12 as contained in the three treasurer's deeds and the notices to redeem, to wit, the "Ely 49.75 ft. of Fractional Lot 12," the "Ely 42 ft. of Wly 76.5 ft. of Fract. Lot 12," and the "Wly 34.5 ft. of Fract. Lot 12," and the single all-inclusive description of Lot 12 as contained in the complaint, findings and judgment, is likewise without merit. Three files of the treasurer of the city of Los Angeles containing the records of the foreclosure proceedings were before the trial judge. These records are not made a part of the record on appeal and we must, therefore, assume that there was evidence therein showing that the total of the three fractional portions of Lot 12 comprised the whole thereof. The case was treated by the parties and tried upon the basis that the single all-inclusive description of the property in the complaint constituted the same property as the aggregate of the three fractional descriptions in the treasurer's deeds and notices to redeem.

The fact that after the judgment had been rendered Ida Stockton was adjudged an incompetent obviously can have no bearing on the merits of the case. There was no evidence that she was incompetent at any time prior to the incompetency proceedings.

Other contentions made by appellant are so palpably without merit they need not be discussed.

Judgment affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 7, 1952.