[Civ. No. 23002. Second Dist., Div. One. Aug. 1, 1958.]

J. M. W. MILLER, Appellant, v. C. C. BOSWELL et al., Defendants; CATHERINE A. McKENNA et al., Respondents.

Robert E. Rosskopf for Appellant.

No appearance for Respondents.

FOURT, J.—This is an appeal on the judgment roll from a decree wherein the court refused to quiet the title to a parcel of real property.

The plaintiff brought the action to quiet his title to, and determine the adverse interests if any in four parcels of real property in Los Angeles County. The defendant, Catherine A. McKenna, filed an answer wherein she denied substantially all of the plaintiff's claims; however, in such answer she did not claim any title for herself.

The court, after a trial, found the title (insofar as Parcels 1, 2 and 3 were concerned) to be in the plaintiff and ordered cancellation of certain special assessment liens. ■ As to the fourth parcel, the court found:

"That on or about April 5, 1922, the City Treasurer of the City of Los Angeles, following the foreclosure of Street Improvement Bond No. 1657, Series 1, executed and delivered to Samuel M. Garroway, a Treasurer's Deed under the 1893 Street Improvement Bond Act, (Stats. 1893, p. 33) covering the following described real property in the City of Los Angeles, State of California, to wit:

"*Parcel 4*: The northeasterly 30 feet of Lot 5 in Block 'I' of the Knob Hill Tract, in the city of Los Angeles, County of Los Angeles, State of California, as per map recorded in book 10 page 97 of Miscellaneous Records.

"That the interest of said Samuel M. Garroway in and to said real property was conveyed to plaintiff on June 23, 1953, and is now owned by plaintiff. That defendant Catherine A. McKenna has not been in the open and adverse possession of said real property for any period of five years continuously, prior to the commencement of this action. That since June 23, 1953, plaintiff has ~~occupied said real property for parking purposes and has improved the same with black top paving and M K since said date has been in the exclusive possession thereof, and~~ has paid all taxes levied and assessed against the same."

The court then, as a conclusion of law therefrom set forth:

"That title to the real property described in paragraph IV of the foregoing Findings has not been established on behalf of any party to this action and as to said real property judgment shall not be rendered for or against any party to this action."

Judgment was entered and no mention was made of any disposition as to Parcel Number 4. A motion was made by the plaintiff to vacate the judgment so entered, and to make a different judgment as to Parcel Number 4 upon the ground that the conclusion of law was erroneous and not consistent

with, and not supported by the findings of fact. The motion was denied.

The appellant contends that the findings of fact compel a judgment in his favor as to Parcel Number 4.

We have concluded that the appellant is correct in his contention. The Act of 1893 entitled "An Act to Provide a System of Street Improvement Bonds to represent certain assessments for the cost of street work and improvement within municipalities and also for the payment of such bonds," provided for the issuance of certain bonds. In 1921 (effective July 29, 1921), the act was amended and, among other things such amendments provided as follows:

"The deed, when duly acknowledged or proved, is primary evidence of the regularity of all proceedings theretofore had, and conveys to the grantee the absolute title to lands described therein, as of the date of the expiration of the period for redemption, free of all encumbrances, except the lien for state, county and municipal taxes; . . . . (Section 5, subdivision k.)"

In 1933 (Stats. 1933, chap. 343 p. 946) the Act of 1893 was repealed. It was, however, set forth in such repealing act that nothing therein would affect any proceeding taken before January 1, 1933.

Counsel for appellant has not directed our attention to any case which interprets subdivision k of section 5 of the Act of 1893, however, by reference to a substantially similar provision in the Improvement Act of 1911, we believe there is ample authority to sustain the appellant's views in the matter. Section 6555 of the Streets and Highways Code (The Improvement Act of 1911) provides as follows:

"The deed of the treasurer, when duly acknowledged or proved, is primary evidence of the regularity of all proceedings theretofore had, and conveys to the grantee the absolute title to the lands described therein, as of the date of the expiration of the period for redemption, free of all encumbrances, except the lien for State, county and municipal taxes."

In *Pacific States S. & L. Co.* v. *Perez*, 51 Cal.App.2d 84, the court had under consideration a part of the 1911 Act, and said at page 88 [124 P.2d 184]:

"Upon the trial of the case plaintiff offered in evidence the three deeds issued to it by the city treasurer of Oakland. Defendants contend that no sufficient foundation was shown for their introduction. We cannot agree with this contention. Section 75 of the act provides that the treasurer's deed, when duly acknowledged or proved, 'is primary evidence of the

regularity of all proceedings theretofore had, and conveys to the grantee the absolute title to the lands described therein, as of the date of the expiration of the period for redemption, free of all encumbrances, except the lien for State, county and municipal taxes.' The phrase 'primary evidence' appears in section 3786 of the Political Code in reference to the evidentiary value of the tax deed, and as there used has been held to mean *prima facie* evidence. (Citing case.) Obviously the same meaning should be given to the phrase in construing the act with which we are here concerned.''

Likewise in *Schulman* v. *Shores*, 108 Cal.App.2d 156, at page 159 [238 P.2d 664], the court interpreted the 1911 Act, and, among other things, said:

''Plaintiff's objection to the introduction of evidence attacking the validity of the deeds should have been sustained. (Sts. & Hy. Code, § 6571.) The deeds constituted prima facie evidence of the regularity of all proceedings antedating their execution. (Sts. & Hy. Code, § 6555; *Pacific States S. & L. Co.* v. *Perez*, 51 Cal.App.2d 84, 88, 89 [124 P.2d 184] . . . .) The deeds were issued September 29, 1948, and the complaint filed May 11, 1949. The six months' period within which the validity of the deeds could be assailed had, therefore, expired. However, since no motion to strike the evidence was made by plaintiff, we consider the record as made in the court below.''

In *Elbert, Ltd.* v. *McKenna*, 116 Cal.App.2d 480, at page 481 [254 P.2d 107], it was set forth:

''Plaintiff introduced into evidence the two treasurer's deeds and rested. These deeds which were issued under the Improvement Act of 1911 (now Sts. & Hy. Code, §§ 5000-6794), were primarily evidence of the regularity of foreclosure proceedings theretofore had. (Sts. & Hy. Code, § 6555.) They were prima facie evidence of title. (*Sipe* v. *McKenna*, 106 Cal.App.2d 559 [235 P.2d 416] . . . .) ''

The plaintiff established a prima facie title in himself, and in the absence of any showing to the contrary (and the record in this case does not disclose such contrary showing), he was not required to go any further.

The law is well settled to the effect that the plaintiff, upon making out a prima facie case of ownership, then puts the defendant to the necessity of meeting his claim. If the claim of the plaintiff is not met by the defendant the plaintiff is then entitled to a judgment. (See *Davis* v. *Crump*, 162 Cal. 513 [123 P. 294]; *De Noon* v. *Morrison*, 83 Cal. 163 [23

P. 374] ; *Redmond* v. *McLean,* 32 Cal.App. 729 [164 P. 15] ; *Syme* v. *Warden,* 114 Cal.App. 707 [300 P. 863].)

 It was appropriately stated in *McPhail* v. *Nunes,* 48 Cal.App. 383, at page 387 [192 P. 95] :

''This record, under the circumstances in this action, surely establishes a *prima facie* case of ownership in plaintiff, and the defendants not being in possession of the property, or any part thereof, and having no title whatever in themselves, are in no position to attack this *prima facie* case made by the plaintiff. (*Williams* v. *City of San Pedro,* 153 Cal. 44, 49 [94 P. 234] . . . .) Mr. Justice Shaw, in his concurring opinion in *Williams* v. *San Pedro,* at page 50, says : 'The rule is elementary and practically universal that no party will be permitted to interpose to defeat the *prima facie* title of another party to the thing derived by him from a third person, unless such attacking party pleads, or shows in some authorized manner, that he has some right, title, or interest in the thing. A defendant who does not himself claim some right, title, interest, or possession has no *status* to question the validity of a conveyance of the property by a third person to the plaintiff.' '' (See also *Bell* v. *Towne,* 155 Cal.App.2d 225 [318 P.2d 110], which was a case involving Catherine A. McKenna with reference to a quiet title action.)

The judgment is reversed and the trial court is directed to enter a judgment in favor of the plaintiff quieting his title to Parcel Number 4 as described in the complaint and findings of fact.

White, P. J., and Lillie, J., concurred.